In the Matter of **PENN CENTRAL TRANSPORTATION COMPANY,** Debtor. Order 751.

No. 70-347.

United States District Court, E. D. Pennsylvania.

June 6, 1972.

Paul Duke and James Howard, Philadelphia, Pa., for Trustees, Penn Central.

James William Moore, New Haven, Conn., Sullivan & Worcester by Joseph Auerbach, Boston, Mass., and Tate & Ervin by Wilbur Bourne Ruthrauff, Philadelphia, Pa., for Richard Joyce Smith, trustee, New York, New Haven & Hartford RR.

Fox, Rothschild, O'Brien & Frankel by Nochem S. Winnet, Philadelphia, Pa., for First Natl. City Bank of New York.

Morgan, Lewis & Bockius by John N. Schaeffer, Jr., and Peter Koury, Philadelphia, Pa., for The Fidelity Bank.

Leonard Barrack, Philadelphia, Pa., for Penn Central Co.

Edith I. Spivack, New York City, for City of New York.

Davis, Polk & Wardwell by John R. Leekley, New York City, for Morgan Guaranty Trust Co. of N. Y.

Ballard, Spahr, Andrews & Ingersoll by Richardson Blair, and Alan Fellheimer, Philadelphia, Pa., for Girard Trust Bank and Institutional Investors, Penn Central Group.

## OPINION AND ORDER NO. 751

FULLAM, District Judge.

In March 1972, the Debtor's Trustees filed a petition seeking approval of their 1972 Road Capital Budget (Document No. 2816). The petition sought authority to make expenditures for 32 "major" projects and for 134 "minor" projects. Also sought was confirmation of the Trustees' authority to make expenditures for capital projects involving less than $100,000 and ratification of the exercise of that authority.

Order No. 677 authorized expenditures for the major projects and ratified and confirmed the Trustees' authority to make capital expenditures for projects costing less than $100,000 and meeting certain standards. In order to provide an opportunity for the parties and the Court to evaluate the minor projects, paragraph 4 of the Order required the Trustees to file a list of the minor projects. It provided that within ten days after the filing of the list, any party could object to expenditures for any project and, as to those projects, no expenditures could be made without further order of this Court. On May 19, 1972, the List (Document No. 3497) was filed.

One set of objections was filed (Document No. 3564), on behalf of nine indenture trustees. The indenture trustees generally object to any expenditure for a project that does not meet the standards set forth in paragraph 5a of Order No. 677 which governs the exercise of Trustees' discretionary authority to make expenditures for projects costing less than $100,000. Paragraph 5a required that:

"Each such project is, in the judgment of the Trustees, necessary for safety or for the preservation of the Debtor's estate, or the amount of the proposed project will not exceed the sum of the projected liquidation value to the Debtor's estate of the improvement 18 months after the date of the completion of the project, plus the cash saving or additional net revenue attributable to such project within 18 months after the date of the completion of the project."

At the outset, it should be noted that there is agreement between the indenture trustees and the Debtor's Trustees that expenditures should be authorized for a substantial number of proposed projects. These are projects necessary for safety or for the preservation of the

Debtor's estate. Also, fairly included within these two classes are projects which are necessary to comply with governmental directives. In addition, no objection is raised with respect to projects such as the construction of side tracks where a shipper or developer initially advances the funds for the project and the Debtor is required to pay for the project only out of revenues derived from the use of the side track. *See* Tr. 4777.

The real dispute here centers on the standards to be applied in authorizing the remaining class of projects, those proposed for economic reasons, *i.e.*, projects that save money or generate revenue or (and these are the projects most clearly in dispute), enable the Debtor to maintain or improve service. See the specific projects listed in paragraph 4 in the "Objections of Indenture Trustees." The comparatively clear-cut and stringent standards set forth in paragraph 5 of Order No. 677 are appropriate to insure that capital expenditures for which no prior approval of any sort is required are well within the proper limits that should govern expenditures of the Debtor's assets. But application of the standards of paragraph 5a to each of the present proposed projects would be to insure that the Debtor's railroad could not be operated as a rationally managed business enterprise.

The main source of difficulty in applying the standards the indenture trustees propose is that in many instances it is not possible to quantify the economic gain or avoidance of loss attributable to a particular project. However, what is known is that, overall, projects where the economies are identifiable return on the average 100% on investment. Testimony of William H. Moore, Tr. 4750. While it may not be possible to assign a dollar value to projects that promote faster service, improve the quality of service in other ways or enable the Debtor to compete with other carriers, it is obvious that expenditures for such projects are essential to the ra-

tional operation of the Debtor's business. *See* Tr. 4761–63; 4765–67.

It is not practicable and would not be desirable to litigate the merits of each of these proposed projects. I am satisfied that the criteria applied by the Trustees in identifying the most rewarding projects to be implemented with the limited funds available to the Debtor are fully adequate to insure that each project is essential to the efficient operation of the Debtor's business (Testimony of William H. Moore, Tr. 4748–53; Affidavit of Robert W. Orr, Document No. 3005), and that, overall, the implementation of these projects will result in no depletion of the Debtor's estate. Accordingly, expenditures for the projects listed in the Trustees' "Listing of Projects Pursuant to Order No. 677" (Document No. 3497) will be authorized on the same basis as the major projects authorized in paragraph 1 of Order No. 677.